**Opinion issued July 28, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00567-CR

———————————

## IN RE GERALD ALLEN PERRY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Gerald Allen Perry, proceeding *pro se* and incarcerated, has filed a petition for writ of mandamus. Relator seeks to compel the respondent trial judge to vacate the order denying his motion to suppress evidence and to recall this Court's mandate and vacate this Court's judgment affirming his 1994 conviction in the underlying proceeding.[1] We dismiss for want of jurisdiction.

---

[1]    The underlying case is *The State of Texas v. Gerald Allen Perry*, Cause No. 607922, 180th District Court, Harris County, Texas, The Honorable Catherine Evans

As we previously stated in dismissing for want of jurisdiction relator's similar appeal of the respondent's 2014 order denying his motion to recall the 1994 mandate, "Article 11.07 provides the exclusive means to challenge a final felony conviction" and "[o]nly the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction." *Perry v. State*, No. 01–14–00577–CR, 2014 WL 5593754, at *1 (Tex. App.—Houston [1st Dist.] Nov. 4, 2014, no pet.) (mem. op., not designated for publication) (citing, *inter alia*, TEX CODE. CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2011)). Because relator's felony conviction became final in 1994, this is a final post-conviction felony proceeding for which we lack jurisdiction. *See id.*

Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

presiding. We affirmed appellant's conviction for aggravated robbery, for which his punishment was assessed at forty-five years' confinement and a $2,000 fine, on February 24, 1994, and we issued our mandate on August 23, 1994. *See Perry v. State*, No. 01–93–00207–CR, 1994 WL 52499, at *3 (Tex. App.—Houston [1st Dist.] Feb. 24, 1994, no writ) (not designated for publication).

2